ROSA BELLE JEWELL

*v.*

JACK A. RICE, *et al., etc.*

(No. 15125)

Decided March 11, 1982.

*Leo Catsonis and J. David Cecil* for appellant.

*Bernard L. Spaulding* for appellee.

PER CURIAM:

This is an appeal by Jack A. Rice and Patsy J. Rice from an order of the Circuit Court of Mingo County denying

them a new trial in an action involving the ownership of real estate. Among other points the appellants assert that they owned the land in question by adverse possession and that the court erred in failing to rule in their favor on that point. Also they claim that the court erred in submitting improper and insufficient evidence of damages to the jury and in entering judgment on the damage verdict found by the jury. We disagree with the appellants' assertions, and we affirm the judgment of the circuit court.

In late January or early February 1979 the appellants began construction of a house on land which they had purchased from the heirs of a man named Ran Davis. After construction began, the appellee, Rosa Belle Jewell, alleging that the appellants were encroaching on adjoining land owned by her, instituted an action for possession of the property and for $15,000 damages.

In response to Ms. Jewell's complaint the appellants filed an answer denying the substance of the allegations and further averring that even if there was a defect in their chain of title they owned the land by adverse possession.

In the course of the trial of the case evidence was introduced showing that prior to 1916 both Ms. Jewell's tract and the land claimed by the appellants had been treated as one parcel. In 1916 Alex Vernatter and Cordelia Maynard, brother and sister, who were heirs to the parcel had attempted to divide it by executing deeds to each other. After a series of mesne conveyances the appellants acquired the Alex Vernatter parcel, and Ms. Jewell acquired the Cordelia Maynard parcel.

The evidence also showed that in 1940 a dispute arose between Ran Davis, the appellants' immediate predecessor in owning the Vernatter tract, and Cordelia Maynard over the location of the boundary between their two tracts. After two months Davis and Maynard settled their dispute by an express oral agreement, and they placed a stone to mark the boundary between the two properties.

After the agreement Davis completed construction of a house on the property subsequently conveyed to the appellants. Davis and members of his family lived in the house until 1973 when it was detroyed by fire.

In 1945 Ms. Jewell acquired the Maynard tract. From that time until she instituted her action against the appellants she did nothing about any alleged encroachment on her property.

According to evidence adduced in behalf of the appellants during trial they began construction of their house on the site occupied by the Ran Davis house which had burned in 1973. Ms. Jewell, on the other hand, testified that the appellants' house was not built on the Ran Davis foundation, that it was of different dimensions, and that it was downriver from the previous house. In addition a surveyor who testified in behalf of Ms. Jewell concluded that a portion of the appellants' house was on a portion of Ms. Jewell's property. The appellant, Jack Rice, testified that the foundation of his house was within two feet of where the previous foundation was. Oppie Gore, a child of Ran Davis, said that the previous house was some 14 or 15 feet from the location of the appellants' house.

Regarding damage to the land Ms. Jewell testified that the appellants had bulldozed her land and had destroyed timber. She stated that she had checked with two real estate people and had determined that she had sustained fifteen thousand dollars in damages as a result of the appellants' trespasses.

At the conclusion of the trial the jury was instructed on the law of adverse possession. After deliberating it returned a verdict in favor of Ms. Jewell in the amount of $8,000.

On appeal appellants contend that the trial court erred in refusing to hold as a matter of law that they owed the tract of land in question by adverse possession. Essentially they argue that the evidence demonstrates that their predecessors in interest, the Ran Davis family, had

hostilely occupied the tract upon which their house was built, that they had occupied it exclusively, actually, openly, notoriously and continually for over ten years, that they had occupied it under claim of title or color of title and that they had thus established ownership of it by adverse possession. The appellants say that because the evidence demonstrates that their house was built on the exact location of the Davis house, the trial court should, as a matter of law, have ruled in their favor.

In syllabus point 3 of *Somon v. Murphy Fabrication and Erection Company,* 160 W.Va. 84, 232 S.E.2d 524 (1977), we said:

> "One who seeks to assert title to a tract of land under the doctrine of adverse possession must prove each of the following elements for the requisite statutory period: (1) That he has held the tract adversely or hostilely; (2) That the possession has been actual; (3) That it has been open and notorious (sometimes stated in the case as visible and notorious); (4) That possession has been exclusive; (5) That possesion has been continuous; (6) That possession has been under claim of title or color of title."

While we agree that the evidence conclusively demonstrates that the Ran Davis family established title to a tract of land adjacent to the Jewell property by adverse possession under the factors discussed in syllabus point 3 of *Somon v. Murphy Fabrication and Erection Company, supra,* we do not agree that as a matter of law the trial court should have ruled that the appellants had established that they had title to the parcel of land on which their house was located. The evidence regarding the location of the appellants' house is conflicting. They maintained that it was built on the foundation of the Ran Davis house. The evidence adduced in behalf of Ms. Jewell demonstrated that it was built, not on the Ran Davis foundation, but away from it and on land which clearly belonged to her.

Our rule is:

> "Where, in the trial of an action at law before a jury, the evidence is conflicting, it is the province of the jury to resolve the conflict, and its verdict thereon will not be disturbed unless believed to be plainly wrong," Syllabus point 2, *Rhodes v. National Homes Corp.*, ___ W.Va. ___, 263 S.E.2d 84 (1979); syllabus point 6, *Earl T. Browder, Inc. v. County Court* 145 W.Va. 696, 116 S.E.2d 867 (1960); syllabus point 2, *French v. Sinkford*, 132 W.Va. 66, 54 S.E.2d 38 (1948).

In view of the conflicting evidence on the question of whether the appellants' house was built on the Ran Davis foundation or elsewhere, we believe the question of the appellants' ownership of the land on which their house was located was one for the jury, and we cannot conclude that the trial court erred in failing to rule as a matter of law that the appellants had acquired title to that land by adverse possession.*

The second major point asserted by the appellants is that the trial court erred in submitting improper evidence of damages to the jury and in entering judgment thereon.

In *Brown v. Crozer Coal & Land Company*, 144 W.Va. 296, 312, 107 S.E.2d 777, 788 (1959), a case involving damages to real estate, we said:

> "In an action to recover damages . . ., absolute certainty as to the amount of damages is not necessary and evidence as to all of the facts tending to show damages should be admitted in

---

* The appellants also argue that they owned the property in question under the doctrine of boundary lines and/or the doctrine of acquience and/or the doctrine of practical location. They contend that the court erred in failing so to hold as a matter of law. They state that Ran Davis, their predecessor, and Ms. Jewell's predecessory agreed on a boundary line and lived according to the agreement. They take the position that they should be allowed the benefit of the agreement. We do not disagree with their last proposition but as in the adverse possession context, we do not believe that the evidence showed definitely that their house was located on property claimed by Ran Davis. The question of the location of their house was very much a jury question.

order to enable the jury to arrive at the most accurate estimate of damages. *Pickens v. Coal River Boom & Timber Company*, 58 W.Va. 11, 50 S.E. 872."

In the case before us Ms. Jewell testified that after the appellants had damaged her property she had consulted two real estate people about the amount of damages. On the basis of their conclusions she testified that the damages amounted to $15,000. The appellants made no objection to the testimony and offered no evidence to rebut it. In view of the fact that the appellants made no objection to the testimony we cannot conclude that the trial judge abused his discretion in admitting it. Upon the record the jury returned a verdict of $8,000.00. Inasmuch as the appellants failed to introduce evidence to rebut Ms. Jewell's testimony and since her testimony would have supported a verdict in excess of the jury's award, we cannot conclude that the trial court erred in entering judgment on that award.

Accordingly, the judgment of the Circuit Court of Mingo County is affirmed.

*Affirmed.*